I'm Bill D'Alton and I represent Jennifer Kransky in this matter. Jennifer is from Miles City, Montana. She brought claims against the VA as well as certain individuals and the United States certified that they were all acting within their scope. I almost want to apologize for all the pleadings in this case. There are a lot of them. The reason there are a lot of pleadings is that we have a case that was very fluid from day one. There was a termination. Jennifer contested through the administrative process the termination. She wasn't successful with that. While that was going on the United States decided that they would like to bring criminal complaints against Jennifer. They did. They filed with a number of agencies. They also went after her nursing license. She successfully fought those. The attempt to take away her license ended with the board, the nursing board denying the request. That was done April 18, 2023. That was done after Kransky, what I call Kransky 1, was filed and the motion was pending. Motion was pending to dismiss on that. We're here based on two dispositive issues that the district court ruled on. One was the claim preclusion. The court ruled that Jennifer's claims of a malicious prosecution, retaliation, and abuse of process were excluded under a claim preclusion. Additionally, the court ruled Jennifer's emotional distress claims could not move forward because the government had not, or the United States, had not waived its sovereign immunity for those claims. The United States, in their brief, it's almost like you're reading two different concepts of the case. The United States raises all these other additional issues in its brief that the court did not rule on. We've argued that this, that they cannot be raised now without a court ruling, that they need to be fully decided by the district court in order for you three judges to really adequately analyze those issues. But isn't it a jurisdictional issue? So we should, we I'm not, so jurisdictional issue, that's what I'm not certain about because the court doesn't say for those issues that it did not rule on whether it was a jurisdictional issue. When we talk about this idea of issue preclusion, that certainly could be a jurisdictional issue, but the court doesn't give us any guidance on that issue. Could I just get a little more texture on this because it, I mean, she's navigating all these federal statutes, I understand that, and all these investigations and prosecutions, which after a lifetime career was incredibly surprising to her and upsetting. But for the low-hanging fruit, so to speak, the the Federal Tort Claims Act bars claims that arise out of a list of torts, like libel, slander, abuse of process, malicious prosecution, emotional distress being kind of a cousin of libel and slander. That's a legal question. It would seem to me that whether decided by the district court or us, we would have the opportunity to decide it. Why aren't those claims barred explicitly by the Federal Tort Claim Act? Because there's an officer exception. We brought in, we named them individually originally, Officer Hutton and Jackson. Whether that's, I think the Federal Tort Claims Act is broad, that includes investigators, officers and whatnot, where they are subject to the claims within the Federal Tort Claims Act of the abuse of process and malicious prosecution claims. They are certainly within that. So then why doesn't the sovereign immunity apply? Because the sovereign, because it's been waived for the officers. It's been waived for the two officers. That's why. The government has waived it for the two officers. But there is an exception to the exception. Right. Right. This is where it gets really, the triple negatives in this area can get very confusing. But we have the discretionary function exception, which says that if it, something is when there's a discretion of an agent, whether they should file a report or not a file report, they get immunity in that situation. And I wasn't sure how much of that was brief below, but can you walk me through why you win when there's the discretionary function looming? Right. And in my complaint, I tried, I knew that was out there. Yeah. Right. And so in my complaint, I did allege the discretionary function would not apply to these two officers. And so why? Why would it not apply? Because the way I understand it, and I didn't fully brief this, because they didn't act with their discretion. And I believe it would only apply if they acted within some sort of discretion. I think that as I understand the doctrine, it says that if there's a mandatory duty, they must do something. Then the discretionary function doctrine does not apply. However, if it's what we'll call more of a judgment call, whether something, there's enough evidence to proceed or we're going to do a subpoena or a search warrant, that falls in discretionary function. So I think for you to win on this one, you have to explain what was the mandatory duty for these agents or these officers, either to not do something or to do something that they did not do. That they did not do. Or whatever was the mandatory duty they failed to live up to. Yeah. And my answer to that is, we're at the motion to dismiss stage. I need to conduct more discovery on the policies of that particular agency to figure what they were required to do and not required to do. I can't do that sitting here, because we're at the 12B6 stage. Well, you do have, though, that Hunton and Jackson's report was in the evidence file. It was the SLB reporting file. And it summarized the evidence, right? So by summarizing the evidence against Kransky in that letter, aren't they performing the classic discretionary function of assessing the weight of the evidence against her, according to the Gonzalez case? I wish I had a solid answer to that question. I don't. I'm just going to admit that right now. Again, without going through the policy manuals, I would be guessing, unfortunately. Because that letter was submitted prior to the final review, right? That letter was submitted before the final. You're correct. But again, because we're in the 12B, and I tried to get into discovery, I would love to get into discovery into this. So what I'm saying, maybe indirectly, that it needs to go further. Maybe that's a motion later on that needs to be made. But without those facts developed in discovery, it's difficult to say. So you're just saying that you want to remand? Yes. Exactly. Exactly. I want to remand to go forward with discovery and move forward. Absolutely. Regarding the claims preclusion, to go back to that issue, we believe the judge erred by not applying what I call a great rule, a simple rule, in Howard v. City of Coos Bay. It seems to me the district court judge used the transactional rule rather than the accrual rule. The Howard case states that if the claims have not accrued, you can bring them and claim preclusion does not apply. I think the United States admits, or not admits, they agree that the malicious prosecution claim did not accrue and claims preclusion would apply to that claim. The government's argument on the other claims is, well, I'll leave that up to the government, but we also are convinced and we've argued that the abuse of process has not accrued. It all is contingent on the Montana Department of Labor dismissing the complaint against Jennifer's license. Let's imagine, if we could, that the Department of Labor moves forward and they take the license. They do take. They find the allegations valid and they take her license. Would we have those claims? No. Because on the legal argument, they have not accrued. It was necessary to get that dismissed and therefore, we believe they have not accrued the retaliation, the abuse of process until the department dismissed those claims against her license. Do you want to reserve the rest of your time? Did I already reserve it? That's my full time. Yes. Sorry. We'll go to four minutes to keep it simple.  Thank you. Thank you. When it works, it's great. May it please the court, my name is Abby Chuck and I am from the United States Attorney's Office in the District of Montana. We ask that this court affirm and it may do so on a variety of independent grounds. That includes issue preclusion, claim preclusion, the intentional tort exception based on the Veterans Benefit Act and based on failure to exhaust. So first, I want to talk about issue preclusion. Let me just jump in. So you mentioned a bunch. I didn't hear sovereign immunity. Your Honor, sovereign immunity is tied into a number of those claims. Okay. It's tied into the intentional tort exception to the VBA, to failure to exhaust and claim preclusion. Okay. So first, I want to start with issue preclusion and this is very closely linked actually to the Veterans Benefits Act waiver of sovereign immunity issue. It's just a simpler way to get to the conclusion that the VBA's analysis would eventually get to. So to look at issue preclusion, we go all the way back to Kransky 1, where Kransky filed this complaint about six months after she was removed from her position. The court in Kransky 1 says, well, the section under which she was removed does not allow for an appeal to district court. And because the VBA is a comprehensive remedial scheme, she cannot seek any redress, yes, related to her removal action through tort claims, for example. So that decision in Kransky 1 was not appealed. We now are in Kransky 2, where she's again sought relief through tort claims that are related to the adverse action. So the court's conclusion in Kransky 1 that those kinds of claims are not allowed through the VBA can now be applied in Kransky 2. And that's really the simplest way that this court can affirm the district court's ruling, because all of the tort claims, these are all tort claims, can be dismissed through issue preclusion. So if I understand correctly from Petitioner, the malicious prosecution, the retaliation, and the abuse of process claims are the three that he thinks he should go back and have remanded and have discovery on to determine if they come out of the policies or the discretionary function exception, correct? Your Honor, yes, those three, and I also believe he is appealing the emotional distress claims as well. Of course, and the IIED. Okay. Yes. So, and tell me how those then are linked to the issue preclusion and the sovereign immunity. Absolutely. So the issue then within issue preclusion is whether they are related to the adverse action. So all of these, all of these tort claims are related to the adverse action and they are for two reasons, and this is when we get into the issue preclusion elements. And the one that's at issue here is, are they identical? So he's alleging, pardon me, she is alleging that these claims, the conduct that's at issue in Kransky II is related to the referrals that are apparently false, that are allegedly false to the nursing board. But this would require an inquiry into the legitimacy and accuracy of the underlying investigation, which necessarily looks at the exact same evidence that it was at issue in Kransky I. So the issues are identical. Additionally, plaintiff, it seems to me that he's, that she's created an artificial divide based, a temporal divide in the facts of this case. So. And that's my next question then. So what about the retaliation? Does the retaliation somehow get carved out temporarily? So retaliation is not actually a cause of action in Montana. And so the FTCA pulls from state law to decide whether there's a cause of action. And because retaliation is not a cause of action in Montana, that should just be dismissed on those grounds. And that's something that the district court did recognize, that retaliation has no foundation in Montana law. Okay. Going back to the claim preclusion and sovereign immunity, what's your position then on the claim that, okay, there are non-law enforcement employees at issue? And he said, fine, we'll put those over here. But that the discovery and what remains uncertain relates to the law enforcement officials. And the exception to the exception under the Federal Tort Claims Act. So the exception to the exemption, I like to think of it as the law enforcement proviso.  To get rid of some of the confusion there. Probably better. Better put. So the intentional torts exception, there's kind of two pieces to it I would like to look at. First of all, emotional distress. We made an argument that the emotional distress claim is actually just a repackaged version of defamation. And the defamation is not in the law enforcement proviso. So that is actually, it's only in- Well, that would go out under sovereign immunity. Yes, exactly. But now I'm asking about the malicious prosecution more specifically. So the conduct that's underlying that malicious prosecution claim is referral to the nursing board. This court, pardon me, METS, which is a case that we all cited, and it referred to Arnsberg, which is from the Ninth Circuit, has recognized that when police officers are merely the conduit of the information, that's not sufficient to allow the law enforcement proviso to kick in. So here, we had the AIB investigation that did not involve any law enforcement, the decision to remove her that did not involve law enforcement, and that she received two removal letters. And in both of those, she was warned that she would be referred to the nursing board. Then about a month later, she is referred to the nursing board. It is officers who carried that information to the nursing board, but this all flowed out of the actions of non-law enforcement officers and would require, again, an investigation into the legitimacy and accuracy of the underlying investigation from the AIB. The letter, so this is not in the record, but it is stated in the plaintiff's complaint. The letter that those officers sent to the nursing board relied on the AIB investigation. So the law enforcement proviso. Investigative file was the investigative file from the board, not their own investigation. Based on what is in that letter, that is what I understand, but again, this has not been developed below, and so I can't go beyond that, but I also don't think that that is necessarily the cleanest way to get to a dismissal in this case. So I think, as I stated, issue preclusion gets you there, but also the VBA is that what underlies issue preclusion does not waive sovereign immunity for the plaintiff to bring a claim in this court. And the Ninth Circuit in Weber, I'm not sure how to pronounce it, recognized that the VBA is a comprehensive remedial scheme that does not allow individuals who seek review of their removal action from the VA to pursue claims like tort claims in federal district court. So if we look at just the merits of the VBA, dismissal is also required. As to exhaustion, plaintiff's really put herself in a bit of a dilemma here, because the order of events is that the SF-95, that's the document that's required to be filed with the agency to start the administrative process, that SF-95 is filed before the complaint in Kransky-1. And then, as plaintiff argues, we disagree to some extent, the claims in Kransky-2 do not even accrue until after the complaint in Kransky-1. So if they do not accrue until after, it is impossible that they would have been included in the SF-95 filed before the complaint in Kransky-1. So either— At retaliation and abusive process, those two claims fall in that category? Abusive process had accrued. The United States argues abusive process had accrued prior to the complaint in Kransky-1. For example, if this court looks at ER-456, this is the complaint from Kransky-1. She talks about the fact that the VA told the nursing board false and misleading statements. And so all of the facts that were necessary for accrual of abusive process had accrued prior to Kransky-1. It's really malicious prosecution that the United States conceded accrued after the complaint in Kransky-1. And if that's true, the plaintiff needed to file another SF-95 because the government cannot be expected to know about claims that have not accrued yet. And the plaintiff has not done so. So there has not been exhaustion on those claims. There's a lot of moving parts here. Is there anything you'd like me to revisit? Well, just maybe a recap would be helpful. And that is, you're arguing that sovereign immunity bars emotional distress as related to labor slander and similar, correct? Yes, Your Honor. Okay. And so that would take care of the emotional distress claims. And then as to malicious prosecution. And abusive process could be dismissed under issue preclusion because the legal holding in Kransky-1 can be applied in Kransky-2. As to claim preclusion, abusive process could be dismissed under claim preclusion because abusive process had accrued prior to the complaint in Kransky-1. Then, if we look at the VBA, that would be grounds to dismiss all of the claims because that is a jurisdictional bar to the district court hearing the claim. And then, I want to go back. There was one other one that you haven't mentioned. And you said retaliation is not a tort under Montana law? Correct. Okay. There's no such tort in Montana law. And if you look at the complaint in Kransky-2, the facts that she alleges support her retaliation claim are identical to the facts that support her malicious prosecution claim. So it just really seems to be a restatement of malicious prosecution. And that one should just be dismissed on the grounds that there's no such claim that the FTCA could pull in to its analysis. Anything further? I'm happy to. This is kind of fun. This is a web. Did you say it's kind of fun? It's kind of fun. It's a bit of a web. I think we're good. Thank you very much. Thank you very much, Your Honors. I would just briefly address some of the issues that were raised as I raise this. First of all, the VBA, Veterans Benefit Act, the court was clear that any claim that directly related to the termination would be excluded under the exclusivity of the VBA. That's in Kransky-1. Also in Kransky-1, the court does not dismiss with prejudice the emotional distress claims. It dismisses them without prejudice. And therefore, I have to take that and run with it. But what about sovereign immunity as to that claim?  I mean, crediting that you can bring the claim, maybe it wasn't covered in the previous orders. But isn't it doomed by sovereign immunity? I would respectfully disagree. A claim of emotional distress is not excluded as a matter of law from the FTCA. That's Sheehan v. U.S. But then again, we have another exception, right? That if it emanates out of one of the excluded claims, it comes under the FTCA. And the court said in this case it was under the defamation allegations. And therefore, it was excluded. We have disagreed with that. Again, it's a 12B process. And we believe the allegations in the complaint should be interpreted into Jennifer's favor. And in that regard, we don't believe... Obviously, you're going to have overlap, right? You're going to have it with these allegations between the various claims. And we filed a very extensive amended complaint, 25 pages long. And we believe there are allegations in there that are outside of the defamation claim that supports emotional distress. Do you agree that the officers, Hunton and Jackson, who provided the letter to Kransky were just providing what the agency had investigated? I would love to give you a solid answer, Judge, on that. I just can't. Because again, I need to get into the discovery and find out exactly what happened. Do you have the letter? You don't know. I have the letter from the agents to the department. Right. I think it was redacted. Okay. So, do I have the letter? I think I have parts of it. I don't think I have the entire letter. And then I have found over the years of practicing that there's always something more in the file once you get a hold of it. So, retaliation. The government brings up a point. There's no such claim. I think it's too early to say that. I think that has to be discovered. There's nothing in the Montana Patent and Jury Instructions that talk about retaliation. It's more in the discrimination context, at least in statute of Montana. But that doesn't mean you can offer jury instructions on retaliation, which has been done under the common law, and therefore the judge can decide whether they are going to accept an independent claim or not of retaliation. And so, I think it's too early to make a rule. That needs to go back to this court to make a ruling later on in this case. And there's my time. Very well, counsel. Unless we have any other questions? Nothing else. Thank you. Thank you so much to both of you for your briefing and argument in this interesting case. This matter is submitted.
judges: McKEOWN, OWENS, Kendall